UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOSE ELIAS GUTIERREZ CUPIDO,

                              Petitioner,                  Case # 19-CV-6367-FPG

v.

                                                                DECISION AND ORDER

WILLIAM P. BARR, et al.,

                              Respondents.

*Pro se* Petitioner Jose Elias Gutierrez Cupido brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his continued detention at the Buffalo Federal Detention Facility. ECF No. 1. Respondents have answered and filed their opposition to the petition. ECF Nos. 4, 5. Having reviewed the record and the briefing, the Court finds that a hearing is unnecessary to resolve the petition. For the reasons that follow, the petition is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

The following facts are taken from the record. Petitioner is a native and citizen of El Salvador. On May 6, 2018, a border patrol agent discovered Petitioner unlawfully entering the United States from Mexico. Petitioner was arrested and placed in removal proceedings. He was subsequently transferred to the Buffalo Federal Detention Facility.

Petitioner's removal hearing was initially scheduled for July 24, 2018, but it was adjourned on Petitioner's request. The next removal hearing, scheduled for September 26, 2018, was continued when Petitioner's counsel failed to appear. Petitioner's removal hearing was finally held on October 3, 2018, after which the immigration judge ordered him removed. The Board of Immigration Appeals dismissed Petitioner's appeal, and he filed a petition for review with the

1

Second Circuit, where the matter remains pending. The Second Circuit has granted Petitioner's motion for a stay of removal.

As of now, Petitioner has been detained for more than sixteen months. Immigration authorities have reviewed Petitioner's custody determination on two occasions—in July 2018 and October 2018—and have decided to continue detention each time. Petitioner filed this petition in May 2019.

## DISCUSSION

Petitioner claims that his continued detention without a bond hearing violates his due process rights and the Eighth Amendment's prohibition against excessive bail. Because the Court concludes that Petitioner is entitled to relief based on his procedural due process claim, it need not address his other theories for relief.

As an initial matter, Respondents raise two threshold issues that the Court must address. First, Respondents argue that Petitioner has only limited due process rights because he is an "arriving alien" who is "legally considered to be outside of the United States." ECF No. 5 at 12. This Court has previously rejected that argument, and Respondents present no new consideration that would undermine the Court's conclusion. *See Wang v. Brophy*, No. 17-CV-6263, 2019 WL 112346, at *3 (W.D.N.Y. Jan. 4, 2019) (collecting cases for proposition that an arriving alien "has sufficient due process rights to challenge his prolonged mandatory detention").

Second, the Court disagrees with Respondents' argument that Petitioner must exhaust his administrative remedies before seeking relief. "Although there is no statutory requirement of administrative exhaustion before immigration detention may be challenged in federal court by a writ of habeas corpus, courts generally do require such exhaustion as a prudential matter." *Joseph v. Decker*, No. 18-CV-2640, 2018 WL 6075067, at *5 (S.D.N.Y. Nov. 21, 2018) (internal quotation marks and brackets omitted). "This prudential exhaustion requirement aims to provide

2

the agency with a chance to correct its own errors, protect the authority of administrative agencies, and otherwise conserve judicial resources by limiting interference in agency affairs, developing the factual record to make judicial review more efficient, and resolving issues to render judicial review unnecessary." *Id.* (internal quotation marks and brackets omitted). "When these purposes are not served by requiring exhaustion, exhaustion may be excused through four established exceptions." *Id.* (internal quotation marks omitted). "[E]xhaustion of administrative remedies may not be required when: (1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) in certain instances a plaintiff has raised a substantial constitutional question." *Id.* "The application of these exceptions must be guided by the policies underlying the exhaustion requirement." *Id.* (internal quotation marks omitted).

Here, exhaustion is not required because Petitioner presents a substantial constitutional question that would be futile to pursue through administrative proceedings. As Respondents concede, the "only statutory mechanism for release from § 1225(b) custody" is discretionary parole. *Abdi v. McAleenan*, No. 17-CV-721, 2019 WL 4621898, at *5 (W.D.N.Y. Sept. 24, 2019); *see* ECF No. 5 at 16. Immigration authorities may grant discretionary parole "for urgent humanitarian reasons or significant public benefit." 8 U.S.C. § 1182(d)(5)(A). By regulation, immigration authorities have construed that phrase to include aliens with special circumstances, like those who are pregnant, juveniles, or have serious medical conditions. *See Clerveaux v. Searls*, No. 18-CV-1131, 2019 WL 3457105, at *10 (W.D.N.Y. July 31, 2019) (discussing 8 C.F.R. § 212.5).

Not only have Respondents failed to explain how Petitioner even arguably falls within the class of aliens to whom discretionary parole is available, but there is no indication that Petitioner would be able to litigate his constitutional claims through that mechanism. Immigration authorities

wield "extraordinarily broad discretion" over discretionary parole, but it is not a forum in which an alien may press constitutional challenges to immigration statutes and regulations. *Id.*; *see Joseph*, 2018 WL 6075067, at *6 (stating that a constitutional challenge is "unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to deciding [it]" (internal quotation marks omitted)). To be sure, some courts have held that an alien must exhaust administrative avenues before bringing a habeas corpus petition, but those cases have tended to involve challenges to particular administrative determinations, rather than broad attacks on the constitutionality of the underlying statutes and regulations. *See, e.g.*, *Brevil v. Jones*, No. 17-CV-1529, 2018 WL 5993731, at *3 (S.D.N.Y. Nov. 14, 2018) (collecting cases). The Court concludes that the sounder, more efficient approach is to consider Petitioner's claim on the merits. *Accord id.*; *Hemans v. Searls*, No. 18-CV-1154, 2019 WL 955353, at *10 (W.D.N.Y. Feb. 27, 2019); *Joseph*, 2018 WL 6075067, at *7 ("[T]his Court is convinced that it is the only entity able to address [the petitioner's] substantial constitutional claims and that any attempt to receive relief from the agency would pointlessly prolong a detention that is already pushing constitutional bounds.").

Several provisions of the Immigration and Nationality Act ("INA") authorize the detention of aliens pending removal. In this case, the relevant provision is 8 U.S.C. § 1225(b)(2)(A). *See* ECF No. 5 at 6 n.3. Section 1225(b)(2)(A) requires immigration authorities to detain pending removal any alien seeking admission to the United States if an examining immigration officer determines that the alien "is not clearly and beyond a doubt entitled to be admitted." The statute mandates that such an alien be detained until removal proceedings have been completed, *Jennings v. Rodriguez*, 138 S. Ct. 830, 842 (2018), and does not contemplate a right to a bond hearing or otherwise impose a "limitation on the length of an individual's detention." *Perez v. Decker*, No. 18-CV-5279, 2018 WL 3991497, at *3 (S.D.N.Y. Aug. 20, 2018). Insofar as it permits prolonged

detention with few procedural safeguards, the statute is susceptible to constitutional challenge. *See id.* ("It is . . . undisputed that freedom from imprisonment . . . lies at the heart of the liberty that the Fifth Amendment's Due Process Clause protects.").

This Court, like other courts in this circuit, has concluded that prolonged detention under § 1225(b) without a bond hearing is unconstitutional as a matter of procedural due process. *See Wang*, 2019 WL 112346, at *3; *see also Bermudez Paiz v. Decker*, No. 18-CV-4759, 2018 WL 6928794, at *10 (S.D.N.Y. Dec. 27, 2018) ("Most judges who have squarely faced the question have [held] . . . that arriving aliens, like criminal aliens, cannot be detained for an unreasonably prolonged period of time without a bond hearing."). Pursuant to this case law, Petitioner is entitled to relief.

Petitioner's detention has been unreasonably prolonged. He has been detained over 16 months, which is beyond the point at which courts find detention unreasonably prolonged. *See, e.g.*, *Fremont v. Barr*, No. 18-CV-1128, 2019 WL 1471006, at *4 (W.D.N.Y. Apr. 3, 2019) (collecting cases and noting that, after 12 months, courts "become extremely wary of permitting continued custody absent a bond hearing"); *Bermudez Paiz*, 2018 WL 6928794, at *13 (finding 16-month detention unreasonable). Furthermore, the Court rejects Respondents' attempt to place blame for the delays on Petitioner. The delays appear to be largely attributable to the normal administrative and appeals process, and the Second Circuit has made a distinction between aliens who have "substantially prolonged [their] stay by abusing the processes provided to [them]" and those who have "simply made use of the statutorily permitted appeals process." *Hechavarria v. Sessions*, 891 F.3d 49, 56 n.6 (2d Cir. 2018). Thus, the mere fact that Petitioner has exercised his rights to pursue relief from removal "does not, in itself, undermine a claim that detention is unreasonably prolonged." *Brissett v. Decker*, 324 F. Supp. 3d 444, 453 (S.D.N.Y. 2018). The only delays that can fairly be attributed to Petitioner are the adjournments he obtained during the

administrative process. But those delays amounted to a little over two months—not enough to undercut the unreasonableness of Petitioner's detention.

Accordingly, because Petitioner's detention has been unreasonably prolonged, due process requires that he receive a bond hearing with adequate procedural protections. Specifically, the government, not Petitioner, must bear the burden of proving by clear and convincing evidence that continued detention is justified due to flight risk or dangerousness and that no less restrictive alternatives to detention would ameliorate that risk. *See Brophy*, 2019 WL 112346, at *3; *Joseph v. Barr*, No. 19-CV-565, 2019 WL 3842359, at *9 (W.D.N.Y. Aug. 15, 2019). Because, indisputably, Petitioner has not received such a hearing, he is entitled to relief.

However, purely as a technical matter, the Court agrees with Respondents that the only proper respondent is Jeffrey Searls, the Assistant Field Office Director of the ICE Buffalo Field Office. *See* ECF No. 5 at 1 n.1. As the "person with direct control" over Petitioner's detention, *id.*, he is the proper respondent given Petitioner's requested relief. *See Hassoun v. Sessions*, No. 18-CV-586, 2019 WL 78984, at *7 (W.D.N.Y. Jan. 2, 2019) ("The majority view in the Second Circuit requires the immediate custodian, generally the prison warden, to be named as a respondent in core immigration habeas proceedings—*i.e.*, those challenging present physical confinement." (quotation omitted)). The Court will limit the ordered relief accordingly.

## CONCLUSION

For the foregoing reasons, Petitioner is entitled to habeas relief under 28 U.S.C. § 2241 and the petition (ECF No. 1) is GRANTED IN PART and DENIED IN PART. The petition is granted against Respondent Searls and is denied with respect to the remaining respondents.

By October 15, 2019, Respondent Searls shall hold a bond hearing for Petitioner before an immigration judge, at which the government bears the burden of proving by clear and convincing evidence that Petitioner's continued detention is justified based on risk of flight or danger to the

community. The immigration judge must consider whether less restrictive alternatives to detention would ameliorate those risks. Respondent Searls shall release Petitioner unless the immigration judge finds by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure Petitioner's appearance and the safety of the community or any persons.

If a bond hearing is not held by October 15, 2019, Respondent Searls shall release Petitioner immediately with appropriate conditions of supervision. By October 17, 2019, Respondent Searls shall file a notice with this Court certifying either (1) that a bond hearing was held by the deadline, and the outcome thereof, or (2) that no bond hearing was held and that Petitioner was released with appropriate conditions of supervision. The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: October 1, 2019
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court